UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| DAMON SHAWN LLOYD, | : | Case No. 1:16-cv-932 |
| | : | |
| Petitioner, | : | Judge Timothy S. Black |
| | : | Magistrate Judge J. Gregory Wehrman |
| vs. | : | |
| | : | |
| WARDEN, CHILLICOTHE CORRECTIONAL INSTITUTION, | : | |
| | : | |
| Respondent. | : | |

**DECISION AND ENTRY
ADOPTING THE REPORT AND RECOMMENDATIONS
OF THE UNITED STATES MAGISTRATE JUDGE (Docs. 13, 17)**

This case is before the Court pursuant to the Order of General Reference in the United States District Court for the Southern District of Ohio Western Division to United States Magistrate Judge J. Gregory Wehrman. Pursuant to such reference, the Magistrate Judge reviewed the pleadings filed with this Court and, on August 3, 2017, submitted a Report and Recommendation recommending that this habeas action be transferred to the Sixth Circuit as a successive petition. (Doc. 13). On August 14, 2017, Petitioner filed a motion to stay his petition while he exhausted his potential remedies in state court, citing a new judgment issued in state court on June 28, 2017. (Doc. 14). On August 25, 2017, the Magistrate Judge issued a second Report and Recommendation recommending that Petitioner's motion to stay be denied. Petitioner filed objections to this Report and

1

Recommendation on September 1, 2017.[1]

As required by 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b), the Court has reviewed the comprehensive findings of the Magistrate Judge and considered *de novo* all of the filings in this matter. Upon consideration of the foregoing, the Court does determine that such Report and Recommendations should be and is hereby adopted in its entirety. Accordingly, **IT IS ORDERED** that Respondent's motion to transfer (Doc. 8) be **GRANTED** and petitioner's pro se habeas corpus petition pursuant to 28 U.S.C. § 2254 be transferred to the Sixth Circuit as a successive petition within the meaning of 28 U.S.C. § 2244(b). Petitioner's motion to stay (Doc. 14) is **DENIED**. The Clerk shall enter judgment accordingly, whereupon this case shall be **TERMINATED** from the docket of this Court.

**IT IS SO ORDERED.**

Date: 9/22/17

                                                                           Timothy S. Black
                                                                           United States District Judge

---

[1] Petitioner's objections are not well taken. As both of the pending Report and Recommendations explain, the state trial court's June 28, 2017 entry, which modified Plaintiff's previous sentencing entry to delete any reference to post-release control, does not constitute a "new judgment" for purposes of bypassing the requirements governing second or successive petitions set forth in 28 U.S.C. § 2244(b). Accordingly, Petitioner's current habeas petition is a successive petition, as an earlier petition filed by Plaintiff regarding the judgment in question was adjudicated on the merits. *See Lloyd v. Warden*, No. 1:10-cv-169 (S.D. Ohio March 12, 2010) (Spiegel, J.; Litkovitz, M.J.). When a prisoner has filed a successive petition for habeas corpus relief in the district court, without first obtaining authorization from the Court of Appeals, the court, in the interest of justice pursuant to 28 U.S.C. § 1631, is required to transfer the case to the Sixth Circuit for consideration as required under § 2244(b)(3).